# Brayton❖Purcell LLP

## TRIAL LAWYERS

ALAN R. BRAYTON
GILBERT L. PURCELL

DAVID R. DONADIO
CHRISTOPHER E. ANDREAS

OF COUNSEL
JEFFREY D. EISENBERG*

* ADMITTED ONLY IN STATES
OTHER THAN CALIFORNIA

222 Rush Landing Road
P O Box 6169
Novato, California 94948-6169
Telephone: (415) 898-1555
Facsimile: (415) 898-1247

Portland: (503) 295-4931
Los Angeles: (415) 898-1555
Salt Lake City: (801) 366-9100

Email: mail@braytonlaw.com
www.braytonlaw.com

NICHOLAS ALOIA
MARIE N. APPEL
JARED J. BABULA
LEAH F. BACCITICH
DAVID H. BACKENSTOE
LOUIS G. BEARY, Jr.
NANCE F. BECKER
BRYAN S. BORDON
GARY L. BRAYTON
ELAINE J. BROWN*
ANDREW CHEW
C. RYAN CHRISTENSEN*
KIMBERLY J. CHU
DAVID COLLINS
HUGH C. COOK
BENJAMIN P. CUKIERMAN
MICHELE L. DE ROUEN
DOUGLAS V. DUKELOW
PETER B. FREDMAN
JOHN B. GOLDSTEIN
LAUREL HALBANY
ZACHARY B. HERSCHENSOHN*
CRYSTAL G. HOWARD
EMEM IBANGA*
SARAH K. ISAACS
SARAH P. IVORY
GARY V. JUDD

CLAYTON W. KENT
BRADLEY A. KRAMER
KERRY LAIW
MATTHEW B. LEE
LLOYD F. LeROY
REBECCA D. MARTINO
LORENA MATEI
THOMAS R. MATES
MAUREEN C. McGOWAN
S. BROOK MILLARD*
TENNY MIRZAYAN
JAMES P. NEVIN
SCOTT A. NIEBLING*
OREN P. NOAH
DAVID PAI
SOPHIA J. PARK
ALEX REMICK
KEITH C. SHAW
CHRISTINA C. SKUBIC
ERIC C. SOLOMON
NANCY B. THORINGTON
PAUL A. VAILLANCOURT
GRANT E. WALTERS
JEREMIE J WATTELLIER
NANCY T. WILLIAMS
DEBORAH C. YANG
STEVEN W. YUEN

February 24, 2006

Honorable Jeffery S. White
United States District Judge
450 Golden Gate Ave.
San Francisco, CA 94102

      Re:    *Ronald Dutton v. Todd Shipyards Corporation, et. al* ;
            USDC, N.D. Calf., C05-3107 JSW

Dear Judge White:

      Pursuant to the Order of the Court of December 9, 2005 (Document 17), the Case Management Conference was set for March 24, 2006, making the Meet and Confer deadline March 3, 2006 (FRCivP 26). However, it appears that this case is now transferred to the United States District Court for the Eastern District of Pennsylvania. This letter is to inform the Court of this transfer as it appears to negate the dates set by the Court in its Order of December 9, 2005.

      On February 17, 2006, my assistant contacted the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania and was informed that they have received the transfer order from the Judicial Panel on Multidistrict Litigation (JPML). The Pennsylvania Court transmitted their notice to the Northern District of California by mail on February 14, 2006.

      I enclose a copy of the January 24, 2006 Order of the JPML (CTO-257). Pursuant to this Order, it becomes effective upon filing with the Pennsylvania Court. The "Condition" referred to in this Conditional Transfer Order is the 15 day stay pending opposition which has since passed. As no party filed an objection, the 15 day stay of transmission of the Order expired on February 8, 2005 and it was sent to and has been received by the Pennsylvania Court.

K:\Injured\100080\Fed\ltr-Judge re MDL.wpd

February 24, 2006  Page 2
*Ronald Dutton, et al vs. General Dynamics Corporation, et al,*

    By operation of CTO-257, it appears that Jurisdiction over this matter has already transferred to the Eastern District of Pennsylvania.

    Counsel for Plaintiffs respectfully requests that the Court remove the deadlines set in place by the Order of December 9, 2005 (Document 17) as jurisdiction has been transferred.

                          Very Truly Yours,

                          David R. Donadio

DRD:jmd
cc (by fax):

Laura Patricia Yee
Knott & Glazier LLP
Fax: (415) 356-1105
(Counsel for Lockheed Shipbuilding Co.)

Keith E. Patterson
Yaron & Associates
Fax: 415-658-2930
(Counsel for Todd Shipyards Corporation)

Jeffery J.A. Hinrichsen
Charter Davis, LLP
Fax: 916-448-9009
(Counsel for Viad, Corp.)



IT IS SO ORDERED
Judge Jeffrey S. White

K:\Injured\100080\Fed\ltr-Judge re MDL.wpd

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 24 2006

FILED
CLERK'S OFFICE

### DOCKET NO. 875

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### (SEE ATTACHED SCHEDULE) *

### CONDITIONAL TRANSFER ORDER (CTO-257)

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 80,139 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable James T. Giles.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Giles.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, 771 F.Supp. 415 (J.P.M.L. 1991), and, with the consent of that court, assigned to the Honorable James T. Giles.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck
Clerk of the Panel

# SCHEDULE CTO-257 - TAG-ALONG ACTIONS
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **ALABAMA NORTHERN** | |
| ALN 2 05-2148 | Mildred Armstead, et al. v. A.O. Smith Electrical Products Co., et al. |
| ALN 4 05-2316 | Linda McClain v. Dow Chemical Co., et al. |
| ALN 4 05-2466 | Charles Richard Archer, et al. v. Mead Corp., et al. |
| ALN 4 05-2472 | Rebekah Riggs, etc. v. Mead Corp., et al. |
| ALN 4 05-2473 | Alford McGuffie v. Mead Corp., et al. |
| **CALIFORNIA EASTERN** | |
| CAE 2 05-1751 | Dennis Morgen, et al. v. United States Department of the Navy |
| **CALIFORNIA NORTHERN** | |
| ✷ CAN 3 05-3107 | Ronald Dutton v. Todd Shipyards Corp., et al. |
| CAN 3 05-4084 | Charlton Clemmer v. Viad Corp., et al. |
| CAN 3 05-4085 | Radall Kash, et al. v. Viad Corp., et al. |
| CAN 3 05-4346 | Aurelio Sanchez v. General Electric Co., et al. |
| CAN 3 05-4347 | Richard Marcelja v. Todd Shipyards Corp., et al. |
| CAN 3 05-4348 | Joanne Thomas, et al. v. Viad Corp., et al. |
| ✦ CAN 3 05-4510 | Kevan Caverhill, et al. v. General Electric Co., et al. |
| **ILLINOIS SOUTHERN** | |
| ILS 3 05-685 | John Rogers v. Illinois Central Railroad Co. |
| **INDIANA SOUTHERN** | |
| INS 1 05-1572 | Janet Casper, et al. v. The Dow Chemical Co., et al. |
| INS 3 05-223 | Jack S. McGrath v. Consolidated Rail Corp., et al. |
| **LOUISIANA EASTERN** | |
| LAE 2 05-5221 | Beatrice M. Chiasson, et al. v. Honeywell International, Inc., et al. |
| LAE 2 05-6078 | Stanley Christian v. Gulf States Asphalt Co., Inc., et al. |
| **LOUISIANA MIDDLE** | |
| LAM 3 05-1406 | Michael J. McFarlain v. Northrop Grumman Systems Corp., et al. |
| **MASSACHUSETTS** | |
| MA 1 05-12184 | Michael Levesque, etc. v. Amchem Products, Inc., et al. |
| **MARYLAND** | |
| MD 1 94-3508 | Minnie Pulley v. Corhart Refractories Co., et al. |
| MD 1 05-2948 | Donald Faust, et al. v. Anchor Packing Co., et al. |
| MD 1 05-3277 | Carol E. Hunt, etc. v. Anchor Packing Co., et al. |
| **MINNESOTA** | |
| MN 0 05-2782 | Darrel Raymond Delage v. Garlock Sealing Technologies, L.L.C., et al. |
| MN 0 05-2784 | Kurt Gauthier, et al. v. Garlock Sealing Technologies, L.L.C., et al. |
| MN 0 05-2785 | Marvin Giese v. Garlock Sealing Technologies, L.L.C., et al. |
| MN 0 05-2786 | Melvin O. Haugen v. Garlock Sealing Technologies, L.L.C., et al. |

## RULE 5.2: SERVICE OF PAPERS FILED

(a) All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b) The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c) Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d) In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e) If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

## RULE 7.4: CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a) Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b) Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c) Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d) Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e) Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f) Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

## RULE 7.5: MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a) Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b) Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c) Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d) A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e) Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.